# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

IN RE:

MUSINA S. MURRAY

    Debtor(s)

CHAPTER 7
CASE NO. 15-31920

## AMENDED MOTION FOR CLARIFICATION

**COMES NOW**, the Debtor, by and through their attorney of record, and moves this Honorable Court for clarification of what assets the Chapter 7 Trustee sold that were part of the Debtor's inheritance from her grandfather.

1. That the Debtor filed Chapter 13 on July 17, 2015, the creditor's meeting was held September 3, 2015. The Plan was confirmed on October 24, 2015.

2. That the Debtor converted to a Chapter 7 on February 12, 2019. The creditor's meeting was held on March 15, 2019. The Debtor informed the Trustee that her grandfather passed away on December 30, 2013 and per his will, which left his property to her mother, (who is deceased, September 20, 2006) and her aunt, she stood to inherit one half of his estate which consists of an apartment located in Brooklyn, New York.

3. The Trustee filed a notice of sale on November 15, 2019, which stated the Debtor's interest in the estate would be sold to B.P. Resources, LLC and/or assignees have offered $34,500 for the Debtor's interest in the above stated interest in the Estate of Irving G. Gay, Sr., and any life insurance policies pertaining to Irving G. Gay, Sr. At the time of the notice the Debtor thought that an insurance policy had been sold to B.P. Resources.

4. The Debtor's grandfather's estate has not been probated in Kings County, New York due to the Debtor's aunt's refusal to probate the estate. (She may have the original will.) Under New York law if the will has not been probated then Ms. Murray's interest in the estate has not been verified, therefor; there is no interest in the estate. At the time of this writing the apartment is still listed in the grandfather and grandmother's name. The apartment is a coop and as such shares were issued to the purchasers, the Debtor's "interest" when verified, would consist of 105 shares. On April 8, 2020, the Debtor received notice that her aunt was attempting to probate the grandfather's will from the Law Office of Wayne A. Cumberbatch, PLLC, Brooklyn, New York.

5. Based on the title search by Hallmark Abstract Service, LLC, purchased by the Debtor, her grandfather's apartment does not have a mortgage and has an approximate value of $600,000.00. If the Debtor has an interest in said estate, it would be ½ the value of the apartment (coop). If

her "interest" in the apartment was sold for $30,000.00 said sale would not be in the Debtor's Estate's best interest or in the best interest of the Debtor's creditors.

6.  The Trustee may sell property under §363(f) free and clear of any interest in such property of an entity other than the estate, only if
    (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest:
    (2) such entity consents;
    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property;
    (4) such interest is in bona fide dispute, or
    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

7.  There are other heirs to the estate, an aunt (who is not related by blood, but a step aunt) and an uncle who would have to consent to the sale or at least be given the opportunity to bid on the property.

**WHEREFOR, PREMISES CONSIDERED**, the Debtors pray that this Honorable Court will clarify as to what was actually sold and Order such other relief that is deemed necessary.

Submitted this the 29th day of June 2020.

*/s/ Debora E. Palmer [PAL014]*

Attorney for the Debtor
P.O. Box 241154
Montgomery, Alabama 36124-1154
334-262-0400
debora@clenneypalmer.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing Motion upon the following via electronic filing on this the 29th day of June, 2020.

Bankruptcy Administrator
1 Church Street, Suite 103
Montgomery, AL 36104

Honorable Carly Wilkins
Chapter 7 Trustee
Montgomery, AL 36101-0173

                                                /s/ Debora E. Palmer